**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-11305**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OSCAR LUTHER RAGER and**
**MONICA TICER PETERS,**

**Defendants-Appellants.**

_____

Appeals from the United States District Court
for the Northern District of Texas
Lower Docket No. 3:01-CR-7-1-L

_____

February 13, 2003

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Oscar Luther Rager and Monica Ticer Peters appeal their

convictions of conspiracy to commit tax evasion and tax evasion in

violation of 26 U.S.C. § 7201 and 18 U.S.C. § 371. After carefully

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

considering the appellants' position in light of the briefs and pertinent portions of the record, we affirm the judgment of the district court.

We first reject Rager's challenge to the sufficiency of the evidence presented at trial. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find Rager guilty beyond a reasonable doubt of conspiracy to commit tax evasion and tax evasion. See United States v. Menesses, 962 F.2d 420, 426 (5th Cir. 1992).

We similarly reject the appellants' argument that the district court abused its discretion in instructing the jury on the necessary intent to commit tax evasion. "A district court has broad discretion in framing the instructions to the jury and this Court will not reverse unless the instructions taken as a whole do not correctly reflect the issues and law." United States v. McKinney, 53 F.3d 664, 676 (5th Cir. 1995). Although the district court did not employ the exact language desired by the appellants, the jury instruction on willfulness adequately reflected the law and issues in this case.

The appellants next argue that the district court erred in admitting certain evidence concerning the appellants' lifestyle and personal use of business assets. This court "affirm[s] evidentiary rulings unless the district court abused its discretion and a substantial right of the complaining party was affected." United States v. Powers, 168 F.3d 741, 748 (5th Cir. 1999).

2

Contrary to the appellants' contentions, the evidence complained of was relevant, and the district court did not abuse its discretion in admitting it. Furthermore, any error would have been harmless because other overwhelming evidence established the appellants' guilt.

Peters argues that the district court erred in excluding the testimony of a witness regarding her own issues with the Internal Revenue Service. Based on information elicited during a voir dire examination of the witness, however, the district court did not abuse its discretion in excluding the testimony.

Peters also argues that the district court erred in failing to reduce her total offense level for a mitigating role pursuant to sentencing guideline § 3B1.2. "This Court reviews the district court's interpretation or application of the sentencing guidelines de novo and its factual findings . . . for clear error." United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). Because the evidence at trial established that Peters played a substantial role in the tax evasion and conspiracy to commit tax evasion, the district court did not err in denying Peters a decrease in offense level as a minimal participant.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**